**IN THE COURT OF APPEALS OF IOWA**

No. 13-0558
Filed April 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALSTON RAY CAMPBELL**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.


        Alston Ray Campbell appeals his conviction for operating a motor vehicle while intoxicated, first offense. **AFFIRMED.**


        Andrea K. Buffington of Ranes Law Firm, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, John Sarcone, County Attorney, and James Hathaway, Assistant County Attorney, for appellee.


        Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

Alston Ray Campbell appeals his conviction for operating a motor vehicle while intoxicated, first offense. He contends the district court erred in denying his motion to suppress. We find the information given by a known informant was sufficiently credible to justify the stop of his vehicle. Accordingly, we affirm.

## I.     Background Facts and Proceedings

On September 15, 2012, April Muir was at a gas station in Altoona when her vehicle was nearly struck by a red minivan driven by Alston Campbell. Muir dialed 911 and spoke with the police, informing them of her belief Campbell was intoxicated.[1] She provided an accurate description of Campbell, his vehicle, the license plate number, and remained on the phone until an officer arrived to investigate. Muir left after speaking with the officer.

Upon arrival, Campbell's vehicle was located and Officer Chambers activated his squad car's emergency lights. Campbell drove across the parking lot, stopped in front of the store, and exited his vehicle. Upon approaching Campbell the officer noticed a strong smell of an alcoholic beverage coming from Campbell and other signs of intoxication. Campbell later provided a breath test showing a blood alcohol concentration of .195, well above the legal limit. Campbell moved to suppress the results of the stop, claiming a violation of his rights under the Fourth Amendment of the United States Constitution and Article 1, section 8 of the Iowa Constitution. The district court denied the motion and Campbell was later found guilty by a jury.

---

[1] Muir was employed as a bartender at the time and is familiar with signs of intoxication.

## II.      Standard of Review

We review issues of constitutional rights, such as search and seizure, de novo.  *State v. Kooima*, 833 N.W.2d 202, 205 (Iowa 2013).

## III.      Discussion

Campbell claims the police did not have reasonable suspicion to stop him based upon the citizen informant's tip.  He primarily relies upon our supreme court's recent decision in *Kooima*.[2]

The *Kooima* court discussed the relevant constitutional issues.  *Id.* at 206. Under the Fourth Amendment, governmental officials may not arbitrarily intrude into the privacy and security of its citizens.  *Camara v. Mun. Ct.*, 387 U.S. 523, 528 (1967).  An automobile stop is a seizure under the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979).  A person may be briefly detained for investigative purposes if there is a reasonable suspicion, supported by articulable facts that criminal activity has occurred.  *United States v. Sokolow*, 490 U.S. 1, 7 (1989).

In *Kooima*, our supreme court considered a situation similar to Campbell's. The informant in *Kooima* observed several men drinking at a restaurant and contacted police as the men began to leave in a motor vehicle.  *Kooima,* 833 N.W.2d. at 203–04.  The informant gave a description of the men and the vehicle being used, advising the police the men were intoxicated.  *Id.* at 204.  The

---

[2] Our supreme court has reserved the right to interpret the Iowa Constitution differently than the United States Constitution despite nearly identical language, though a strictly federal analysis is appropriate where the case can be decided under the federal constitution alone.  *See Kooima*, 833 N.W.2d at 206.  Campbell does not argue for a different standard under the Iowa Constitution.

responding officer followed the vehicle for a time and did not observe any traffic violations. *Id.* at 205. Based only on the tip, the officer initiated a stop and discovered the driver was intoxicated. *Id.* Our supreme court engaged in a thorough analysis of state and federal law regarding automobile stops after informant tips and concluded:

> a bare assertion by an anonymous tipster, without relaying to the police a personal observation of erratic driving, other facts to establish the driver is intoxicated, or details not available to the general public as to the defendant's future actions does not have the requisite indicia of reliability to justify an investigatory stop.

*Id.* at 210–11.

Campbell contends Muir did not observe erratic behavior or give predictive information, therefore the tip was unreliable. The situation before us today differs from *Kooima* in one important respect. The tipster in this case was not anonymous, but rather known and remained available until the police arrived so she could be held accountable for the information provided.[3] Tips from known informants are inherently more reliable for this very reason. *See Florida v. J.L.*, 529 U.S. 266, 270 (2000); *Adams v. Williams*, 407 U.S. 143, 146–47 (1972) (tip provided by known informant considered stronger than tip from anonymous individual). Additionally, Muir personally observed erratic driving, which was relayed to police. Muir was also correct about the location and description of Campbell's vehicle, and although she left the scene after speaking with law enforcement, she remained available to be held accountable if the information

---

[3] Muir remained available and her testimony was presented in court.

later proved to be inaccurate.  Because the tip was not anonymous, we find the additional indicators of reliability required by *Kooima* are unnecessary here.

**AFFIRMED.**